UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| KARINA VONDERHEIDE,<br>JOSHUA MCBRIDE, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 3:12-cv-00125-RLY-MJD |
| vs. | )<br>) | |
| MARK GREEN Officer, Individually and<br>in His Official Capacity,<br>INDIANA STATE POLICE, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Karina Vonderheide and Joshua McBride, brought the present action against Defendants, Mark Green, individually and in his official capacity, and the Indiana State Police, alleging violations of their civil rights under 42 U.S.C. § 1983 ("Section 1983 claims") and several related state-law claims. Defendants move for summary judgment; Plaintiffs have not filed a response. For the reasons set forth below, the court **GRANTS** Defendants' motion.

**I.   Background**

On August 17, 2010, a search warrant was executed at Plaintiffs' residence located at 8042 South Pine Road, Birdseye, Indiana. (Complaint ¶¶ 12-13). The warrant was obtained by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). (Probable Cause Affidavit, Filing No. 51-2; Search Warrant, Filing No. 51-4). Special Agent Chad Foreman of ATF obtained the search

1

warrant. (Probable Cause Affidavit, Filing No. 51-2; Search Warrant, Filing No. 51-4). In his probable cause affidavit, Special Agent Foreman stated that he received information from Indiana State Police Trooper Phil Luebbers that McBride was in possession of several firearms. (Filing No. 51-2). The ATF officers collected information from the Indiana Department of Correction web page that indicated McBride was convicted of two drug related felonies. (Filing No. 51-2). The ATF agents, who executed the search warrant, seized numerous firearms, ammunition, and ammunition materials. (Complaint ¶ 13).

Plaintiffs have brought several claims relating to this incident, including: (1) violation of constitutional rights under the Fourth and Fourteenth Amendments (Counts 1-8); (2) intentional infliction of emotional distress (Counts 9-12); (3) respondeat superior liability (Counts 13-14); and (4) trespass liability (Counts 15-16). Officer Green and the Indiana State Police move for summary judgment on all counts, alleging primarily that Officer Green played no role in the obtainment or execution of the search warrant.

## II. Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict

2

in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Discussion

### A. Section 1983 Claims

#### 1. Against Officer Green, in his official capacity, and the Indiana State Police

Defendants move for summary judgment arguing that the Indiana State Police and Officer Green, in his official capacity, are not "persons" for purposes of Section 1983. In support, Defendants rely on *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). In that case, the Supreme Court held that neither "a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. That case clearly precludes the present claims. As such, the court grants summary judgment in favor of Officer Green on any and all claims brought against him in his official capacity under Section 1983 (Counts 1-2, 5-6). Under the same logic, the court grants summary judgment in favor of the Indiana State Police for any and all claims brought against the Indiana State Police under Section 1983 (Counts 3-4, 7-8).

#### 2. Against Officer Green in his individual capacity

Although Plaintiffs allege in their complaint that Officer Green "falsely informed law enforcement agencies such as the [ATF] that [McBride] was a convicted felon in possession of firearms and ammunition," they submit no evidence to support this allegation. Officer Green, on the other hand, submitted an affidavit stating, "I did not have anything to do with obtaining the warrant for that search and did not provide any

3

information used to obtain the warrant." (Affidavit of Mark Green ("Green Aff.") ¶ 5, Filing No. 51-3). Furthermore, Officer Green stated, "I had nothing to do with execution of the search warrant." (*Id.* at ¶ 6). Additionally, the affidavit of probable cause does not mention Officer Green as a source of information, but rather an Officer Luebbers. (Filing No. 51-2).

Officer Green moves for summary judgment because there is no evidence that he had any personal involvement with obtaining the search warrant or searching the house. As the Seventh Circuit has held, "[a]n individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) quoting *Starzenski v. City of Elkhart,* 87 F.3d 872, 879 (7th Cir.1996). Because the only evidence in the record shows that Officer Green did not participate in the constitutional violations, the court grants summary judgment for all constitutional claims under Section 1983 in his favor (Counts 1-2, 5-6).

> **B.** **Claims for Intentional Infliction of Emotional Distress and Respondeat Superior**

Both Plaintiffs brought claims against Defendants for intentional infliction of emotional distress caused by the search of their residence. To prove a claim for intentional infliction of emotional distress, under Indiana law, a plaintiff must establish that "the defendant: (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress." *Lindsey v. DeGroot*, 898 N.E.2d 1251, 1264 (Ind. Ct. App. 2009) quoting *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991).

4

Again, Plaintiffs failed to submit any evidence in support of this claim. Even looking at their complaint, the Plaintiffs only allege legal conclusions that they suffered severe emotional distress. Furthermore, Officer Green could not have possessed the intent to harm the Plaintiffs when he played no role in obtaining or executing the search warrant. Likewise the claims of respondeat superior against the Indiana State Police must fail as they are predicated on the alleged acts of Officer Green. As such, the court finds that Plaintiffs have failed to show an issue of fact precluding summary judgment; the court grants summary judgment in favor of Defendants on all claims for intentional infliction of emotional distress and respondeat superior (Counts 9-14).

### C. Claims for Trespass

Plaintiffs also bring claims of trespass against Officer Green and the Indiana State Police for interrupting the Plaintiffs' quiet use and enjoyment of their property. For a claim of trespass, a plaintiff must establish: (1) "he possessed the land when the alleged trespass occurred," and (2) "the trespassing defendant entered the land without a legal right to do so." *KB Home Indiana Inc. v. Rockville TBD Corp.*, 928 N.E.2d 297, 308 (Ind. Ct. App. 2010). Defendants move for summary judgment on two grounds. First, Defendants did not enter onto Plaintiffs' property, and second, even if they had, they had the right to be there to execute a search warrant. Because the only evidence before the court shows that Officer Green and the Indiana State Police did not enter onto Plaintiff's property, there is no claim for trespass. Therefore, the court grants summary judgment in favor of Defendants for all claims of trespass (Counts 15-16).

5

## IV. Conclusion

Having reviewed the evidence, the court finds that there are no questions of material fact and all of Plaintiffs' claims fail as a matter of law. Therefore, the court **GRANTS** Defendants' motion for summary judgment (Filing No. 50).

**SO ORDERED** this 10th day of February 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record and

mailed to:

Karina Vonderheide
5178 West County Road 150 North
Petersburg, IN 47567

Joshua McBride
8042 South State Road 145
Birdseye, IN 47513